UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 2:12 CR 140-1 |
| v. | Filed: |
| ROBERT W. STEIN, | Violation: 15 U.S.C. § 1 |
| Defendant. | |

---

## INFORMATION

The United States of America, acting through its attorneys, charges:

1. ROBERT W. STEIN ("STEIN") is hereby made a defendant on the charge stated below:

### SHERMAN ACT CONSPIRACY
(15 U.S.C. § 1)

### I. RELEVANT PARTIES AND ENTITIES

2. At all times relevant to this Information, Company 1 and its successor Company 2 (both hereinafter referred to as "Company 1") were Pennsylvania corporations located in Pennsylvania.

3. From 1996 until approximately spring 2009, Company 1 purchased tax liens auctioned by municipalities located in the State of New Jersey.

4. ROBERT W. STEIN, the defendant, a resident of Huntington Valley, Pennsylvania, was an owner of Company 1. From July 1996 until November 2010, Stein served as President of Company 1, and bid on and purchased tax liens on behalf of Company 1. In this capacity, STEIN also oversaw the purchase of tax liens for Company 1.

5. Various other persons and entities, not named as defendants herein, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, such allegation shall be deemed to mean that the corporation engaged in such act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## II. BACKGROUND

6. A municipal tax lien is a legal restriction on real property (whether commercial, residential, industrial or land) imposed by municipalities in the State of New Jersey.

7. When the owners of real property in the State of New Jersey fail to pay real property, water or sewer taxes, the municipality in which the property is located may attach a lien. If, after a waiting period, the lien remains unpaid, the lien may be sold at a live tax lien auction. The value of the lien sold at the auction includes the amount of unpaid taxes on the property, accrued interest, and any applicable costs or penalties.

8. New Jersey has approximately 566 municipalities, which include cities, boroughs and townships. Municipalities hold their tax lien auctions at least annually. Bidders at these auctions include individuals, companies, banks and other financial institutions.

9. At a tax lien auction in New Jersey, bidders bid on the interest rate the property owner will pay upon redeeming the tax lien attached to the owner's property. The bid opens at the statutory maximum of 18 percent, and through a competitive bidding process, can be driven down to 0 percent. At that point, the bidders may pay a premium, meaning the amount of money the winning bidder pays in addition to the lien amount. The winning bidder has the right to collect the amount of the lien from the delinquent taxpayer, along with the winning interest rate, in addition to any subsequent taxes paid by the winning bidder and applicable interest and penalties. The winning bidder also has the right to foreclose on the property owner's right of redemption of the tax lien and take title to the property if the taxes owed on the property, accrued interest, or any applicable costs or penalties remain unpaid.

### III. DESCRIPTION OF THE OFFENSE

10. From at least as early as 1998 until approximately spring 2009, the exact dates being unknown to the United States, ROBERT W. STEIN, the defendant, and his co-conspirators, including Company 1, entered into and engaged in a combination and conspiracy to suppress and eliminate competition by submitting non-competitive and collusive bids at certain public auctions for tax liens conducted by municipalities within the District of New Jersey. The combination and conspiracy engaged in by STEIN and his co-conspirators was in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

11. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among ROBERT W. STEIN, the defendant, and his co-conspirators, the substantial terms of which were to rig bids for and allocate tax liens being auctioned by municipalities within the District of New Jersey.

### IV. MEANS AND METHODS OF THE CONSPIRACY

12. For the purpose of forming and carrying out the charged combination and conspiracy, ROBERT W. STEIN, the defendant, and his co-conspirators, including Company 1, did those things that they combined and conspired to do, including, among other things:

   a. attended meetings and engaged in discussions or conversations regarding bids for tax liens being auctioned by municipalities within the District of New Jersey;

   b. agreed during those meetings and discussions not to compete at certain tax lien auctions by allocating which tax liens each would bid on or refrain from bidding;

   c. submitted bids in accordance with the agreements reached; and

   d. purchased tax liens pursuant to those agreements at collusive and non-competitive interest rates.

### V. TRADE AND COMMERCE

13. At all times relevant to this Information, funds from outside the State of New Jersey were used by one or more of the co-conspirators to purchase tax liens at auctions subject to the conspiracy. Out-of-state bidders participated in multiple tax lien sales or auctions in New Jersey and paid for tax liens won with out-of-state funds.

14. At all times relevant to this Information, the activities of ROBERT W. STEIN, the defendant, and his co-conspirators with respect to the sale of municipal tax liens that are the subject of this Information were within the flow of, and substantially affected, interstate trade and commerce.

## VI. JURISDICTION AND VENUE

15. The combination and conspiracy charged in this Information was carried out, in part, within the District of New Jersey within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: 2/12/12

_____
SHARIS A. POZEN
Acting Assistant Attorney General

_____
SCOTT D. HAMMOND
Deputy Assistant Attorney General

_____
JOHN F. TERZAKEN
Director of Criminal Enforcement

_____
DEIRDRE A. MCEVOY
Chief, New York Office

_____
CHARLES V. REILLY
JOHN W. MCREYNOLDS
DEBRA C. BROOKES
BRYAN C. BUGHMAN
Trial Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 335-8041

CASE NUMBER: _____

| United States District Court<br>District of New Jersey |
|---|
| UNITED STATES OF AMERICA |
| v. |
| ROBERT W. STEIN |

**INFORMATION FOR**

**SHARIS A. POZEN**
ACTING ASSISTANT ATTORNEY GENERAL
ANTITRUST DIVISION

CHARLES V. REILLY
TRIAL ATTORNEY
212-335-8039