UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA    :   Criminal No.: 2:12 CR 140-1

                      :

                      :   Filed:

    v.                   :

                      :   Violation:  15 U.S.C. § 1

ROBERT W. STEIN,        :

                      :

          Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLEA AGREEMENT

The Antitrust Division of the United States Department of Justice and the defendant,

Robert W. Stein  ("Stein"), hereby enter into the following Plea Agreement ("Agreement")

pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.")

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

1.     Stein will waive indictment pursuant to Fed. R. Crim. P. 7(b) and plead guilty in

the United States District Court of New Jersey to a one-count Information, in the form attached,

in which he is charged with one count of violating 15 U.S.C. § 1 in connection with a conspiracy

to rig bids at certain auctions for tax liens conducted by municipalities within the District of New

Jersey from at least as early as 1998 until approximately the spring of 2009.

## DEFENDANT'S COOPERATION

2.     Stein will cooperate fully and truthfully with the United States in the prosecution

of this case, the conduct of the current federal investigation of violations of federal antitrust and

related criminal laws involving the purchase of municipal tax liens in the State of New Jersey, as well as any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as "Federal Proceeding"). The ongoing, full, and truthful cooperation of Stein shall include, but not be limited to:

(a)  producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by the United States in connection with any Federal Proceeding;

(b)  making himself available for interviews, not at the expense of the United States, at the New York Office of the Antitrust Division, or at other mutually-agreed upon locations, upon the request of attorneys and agents of the United States;

(c)  bringing to the attention of the United States all crimes which he has committed, and all administrative, civil, and/or criminal proceedings, investigations, or prosecutions in which he, to his knowledge, is or has been a subject, target, party, or witness;

(d)  responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)  otherwise voluntarily providing to the United States any materials or information, not requested in (a)-(c) of this paragraph, that is related to any Federal Proceeding;

(f)  when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully and

under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or

declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-

402), and obstruction of justice (18 U.S.C. § 1503, *et seq*.); and

(g) committing no further crimes whatsoever.

## GOVERNMENT'S AGREEMENT

3.    Subject to the full, truthful, and continuing cooperation of the defendant, as

described in Paragraph 2 of this Agreement and upon the Court's acceptance of the guilty plea

called for by this Agreement, the United States will not bring further criminal charges against

Stein for any act or offense committed prior to the date of this Agreement that was in furtherance

of any agreement to rig bids at municipal tax lien sales or auctions in the State of New Jersey.

The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any

violation of the federal securities laws, or to any crime of violence.

4.    It is understood that this Agreement does not bind any other federal agency or

local prosecuting authority or administrative agency other than the Antitrust Division of the

United States Department of Justice. However, if requested, the United States will bring the fact,

manner and extent of the cooperation of Stein to the attention of other prosecuting,

administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM PENALTIES

5.    Stein understands that the statutory maximum penalty which may be imposed

against him upon conviction for a violation of 15 U.S.C. § 1 is:

(a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

3

(b)  a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1 and 18 U.S.C. §§ 3571(b) and (d)); and

(c)  a term of supervised release of three (3) years following any term of imprisonment.  If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. §§ 3583(b)(2) and (e)(3); and U.S.S.G. § 5D1.2(a)(2)).

6.      In addition, Stein understands that:

(a)  pursuant to U.S.S.G. § 5E1.1 or 18 U.S.C. § 3583(d), the Court may impose an order of restitution to the victims of the offense; and

(b)  pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.      Stein understands that the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a sentence.  Stein understands that the Sentencing Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  Stein understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

4

## SENTENCING AGREEMENT

8.      Stein understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court.  Stein acknowledges that the entry of his guilty plea to the charged offense authorizes the sentencing court to impose any sentence up to and including the statutory maximum sentence.  The United States cannot and does not make any promises or representations as to what sentence Stein will receive.  Stein understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with either party's sentencing recommendation, he nevertheless has no right to withdraw his plea of guilty. The United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of Stein's activities with respect to this case, and all other activities of Stein which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of Stein's cooperation with the United States.  In so doing, the United States may use any information it deems relevant, including information provided by Stein both prior and subsequent to the signing of this Agreement.  The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of Stein therein, and any other facts or circumstances that it deems relevant.  The United States also reserves the right to comment on or to correct any representation made by or on behalf of Stein, and to supply any other information that the Court may require.

9.      If the United States determines that Stein has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this

Agreement, it will file a motion, pursuant to U.S.S.G. § 5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence Stein in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5), and thus impose, in the Court's discretion, a sentence below the applicable Sentencing Guidelines ranges for a term of incarceration and/or a fine.  The United States and Stein are free to recommend or argue for any specific sentence to the Court consistent with the terms set forth in the January 23, 2012 and February 14, 2012 letters of the United States Department of Justice, Antitrust Division, which are incorporated by reference into this Agreement.

10.     Stein understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to the reduction or modification of his sentence.

11.     Stein acknowledges that the decision whether he has provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States.  It is understood that should the United States determine that Stein has not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. § 5K1.1, but will not entitle Stein to withdraw his guilty plea once it has been entered.  Stein further understands that whether or not the United States files its motion pursuant to U.S.S.G. § 5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

## REPRESENTATION BY COUNSEL

12.     Stein has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation.  Stein has thoroughly reviewed this

Agreement with his attorney, and has received satisfactory explanations from his attorney concerning each paragraph of this Agreement and alternatives available to him other than entering into this Agreement. After conferring with his attorney and considering all available alternatives, Stein has made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

13.     Stein's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to Stein as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

14.     Stein agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that he has failed to provide full and truthful cooperation, as described in Paragraph 2 of this Agreement, or has otherwise violated any provision of this Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and Stein shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Agreement. Stein agrees that, in the event that the United States is released from its obligations under this Agreement and brings criminal charges against him for any offense referred to in Paragraph 3 of this Agreement, the statute of

limitations period for such offense shall be tolled for the period between the date of the signing

of this Agreement and six (6) months after the date the United States gave notice of its intent to

void its obligations under this Agreement.

15.     Stein understands and agrees that in any further prosecution of him resulting from

the release of the United States from its obligations under this Agreement based on Stein's

violation of the Agreement, any documents, statements, information, testimony, or evidence

provided by him to attorneys or agents of the United States, federal grand juries, or courts, and

any leads derived therefrom, may be used against him in any such further prosecution.  In

addition, Stein unconditionally waives his right to challenge the use of such evidence in any such

further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

16.     This Agreement constitutes the entire agreement between the United States and

Stein concerning the disposition of the criminal charge contained in this case.  This Agreement

cannot be modified except in writing, signed by the parties.

17.   The undersigned attorneys for the United States have been authorized by the
Attorney General of the United States to enter this Agreement on behalf of the United States.

Dated:   2/17/12                          Respectfully submitted,


_____                   _____
ROBERT W. STEIN                           CHARLES V. REILLY
                                          JOHN W. MCREYNOLDS
                                          DEBRA C. BROOKES
                                          BRYAN BUGHMAN
_____                   Trial Attorneys, Antitrust Division
PAUL H. ZOUBEK, ESQ.                      U.S. Department of Justice
Counsel for Robert W. Stein               26 Federal Plaza, Room 3630
                                          New York, New York 10278
                                          (212) 335-8041

9



**U.S. Department of Justice**

Antitrust Division

_New York Field Office_

26 Federal Plaza                    212/335-8023
Room 3630
New York, New York 10278-0140    FAX 212/335-8039

January 23, 2012

<u>FEDERAL EXPRESS</u>
Paul H. Zoubek, Esq.
Montgomery, McCracken, Walker & Rhodes, LLP
Libertyview, Suite 600
457 Haddonfield Road
Cherry Hill, N.J. 08002

Re: <u>Robert W. Stein</u>

Dear Mr. Zoubek:

This letter sets forth the position of the Antitrust Division, United States Department of Justice, regarding the application of the United States Sentencing Guidelines ("U.S.S.G.") to the charge to be filed against Robert W. Stein.   You have already been presented with a copy of the Plea Agreement and Information.   This analysis below does not replace, or otherwise change the terms of, the Plea Agreement between the Antitrust Division and Mr. Stein.

The Information charges your client with one count of conspiring to restrain trade by rigging bids, in violation of 15 U.S.C. § 1.   Pursuant to 15 U.S.C. § 1 and 18 U.S.C. § 3571, the charge carries a maximum sentence term of 10 years imprisonment and a fine of the greatest of $1,000,000 or twice the gross pecuniary gain from the offense or twice the victim's gross pecuniary loss from the offense.   In addition, pursuant to 18 U.S.C. §§ 3559(a)(3); 3583(b)(2) and (e)(3); and U.S.S.G. § 5D1.2(a)(2), the Court may sentence Mr. Stein to up to three years of supervised release, and he may be sentenced up to 2 years imprisonment if Mr. Stein violates any condition of supervised release.   Moreover, pursuant to 18 U.S.C. § 3583(d) or U.S.S.G. § 5E1.1, the Court may impose an order of restitution to the victims.   Pursuant to 18 U.S.C. § 3013(a)(2)(A) the Court must impose a special assessment of $100.

The Antitrust Division presently believes the U.S.S.G. apply to the Information as follows:

A.  Offense Level

The U.S.S.G. are advisory, not mandatory, and the Court must consider the edition of the U.S.S.G. in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a reasonable sentence.  The Antitrust Division has concluded that the volume of commerce attributable to Mr. Stein for his participation in this conspiracy is $10 million.  Based on the information currently available to the Antitrust Division, the U.S.S.G. would apply to this case as follows:

15 U.S.C. § 1  (U.S.S.G. § 2R1.1)

| | | |
|---|---|---|
| Base Offense Level: | 12 | [§ 2R1.1 (a)] |
| | +1 | [§ 2R1.1 (b)(1) (bid rigging)] |
| | +2 | [§ 2R1.1 (b)(2) (volume of commerce)] |
| | +3 | [§ 3B1.1 (b) (role in the offense adjustment)] |
| | - 3 | [§ 3E1.1(a)-(b) (acceptance of responsibility)] |

Total Offense Level: **15   (18-24 months)**[1]

Fine Range:   $100,000 - $500,000 [§ 2R1.1(c)]

B.  Sentencing Range

Based upon the calculations set forth above, the Antitrust Division considers the defendant's U.S.S.G. Total Offense Level to be 15 and the fine range to be $100,000 to $500,000.   This fine range is subject to the statutory maximum set out in 15 U.S.C. § 1, and the Court's determination of the defendant's ability to pay.

The foregoing U.S.S.G. calculations are based on facts and information presently known to the Antitrust Division.   Nothing in this letter limits the right of the Antitrust Division to make a recommendation of a specific sentence consistent with the U.S.S.G. calculations set forth in this letter, and to present to the sentencing Judge and/or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentencing that are available to the Antitrust Division at the time of sentencing.   Nor does anything in this letter limit the right of the Antitrust Division to

---

[1] The Antitrust Division believes that Mr. Stein is at a Criminal History Category I.

take a position on any departure that may be suggested by the sentencing Judge, the Probation Office, or the defendant.

Further, this letter does not and cannot bind either the Court or the Probation Office, either as to questions of fact or as to the determination of the correct U.S.S.G. to apply in this case.   Instead, the sentence to be imposed upon Mr. Stein is determined solely by the sentencing Judge.   The Antitrust Division cannot and does not make any promise or representation as to what sentence the defendant will receive.

Please call me at (212) 335-8039 should you have any questions.

Sincerely yours,

CHARLES V. REILLY
Trial Attorney
Antitrust Division

3



**U.S. Department of Justice**

Antitrust Division

---

*New York Field Office*

*26 Federal Plaza*        *212/335-8000*
*Room 3630*
*New York, New York 10278-0004*     *FAX 212/335-8023*

February 14, 2012

**FEDERAL EXPRESS**

Paul H. Zoubek, Esq.
Montgomery, McCracken, Walker & Rhodes, LLP
Libertyview, Suite 600
457 Haddonfield Road
Cherry Hill, N.J. 08002

Re:   Robert Stein

Dear Mr. Zoubek:

I write to confirm that the draft Plea Agreement referred to in my January 23, 2012, letter is amended at Paragraph 9, last sentence, to read as follows: "The United States and Stein are free to recommend or argue for any specific sentence to the Court consistent with the terms set forth in the January 23, 2012 and February 14, 2012, letters of the United States Department of Justice, Antitrust Division, which are incorporated by reference into this Agreement."

Sincerely,

Charles V. Reilly
Trial Attorney
Antitrust Division